UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID E. EDWARDS, | No. 2:13-cv-02113 DAD P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| HSIEH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

2

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. In addition, in order to provide plaintiff with some guidance, below the court will address the legal standards applicable to the claims it appears plaintiff is attempting to bring.

**III. Legal Standards for Medical Care Claim**

In his complaint, plaintiff alleges that defendants Dr. Hsieh, Dr. Kuersten and Dr. McCue failed to prescribe or renew his Benadryl his allergy prescription thereby causing plaintiff to suffer from a skin rash and nasal congestion. Plaintiff alleges that Dr. Lipsom had prescribed Benadryl for him but defendant doctors Hsieh, Kuersten and McCue prescribed other medications which plaintiff contends are ineffective.

If plaintiff wishes to proceed with a claim that he received inadequate medical care with respect to his allergies while imprisoned in violation of his rights under the Eighth Amendment, he is advised of the following applicable legal standards for stating such a claim. The Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994).

To state a cognizable claim for inadequate medical care, plaintiff needs to allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."

1  Plaintiff is cautioned that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not
2  support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing
3  Estelle, 429 U.S. at 105-06). See also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991)
4  ("A finding that the defendant's neglect was an 'isolated occurrence' or an 'isolated exception,'
5  . . . militates against a finding of deliberate indifference."), overruled on other grounds by WMX
6  Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Likewise, a mere disagreement
7  between plaintiff and defendants as to how the defendants provided him with medical care fails to
8  state a cognizable § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th
9  Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d
10 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In his
11 amended complaint, plaintiff must allege facts that, if proven, would show that defendants were
12 deliberately indifferent about his medical care and that the treatment provided in connection with
13 his allergy condition is more than a mere difference of opinions between plaintiff and defendants
14 over the proper course of treatment.
15     In addition, plaintiff has not alleged facts demonstrating that his allergies constitute a
16 serious medical condition within the meaning of the Eighth Amendment. A medical need is
17 serious "if the failure to treat the prisoner's condition could result in further significant injury or
18 the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v.
19 Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a
20 medical condition that significantly affects an individual's daily activities." Id. at 1059-60.
21 Therefore, in his amended complaint, plaintiff must also allege facts addressing this element of
22 his Eighth Amendment claim.
23 **IV. Defendants Cate and Zamora**
24     Plaintiff alleges that defendant Cate, the director of the California Department of
25 Corrections and Rehabilitation, and defendant Zamora, the Chief of the Office of Inmate Appeals
26 in Sacramento, hold supervisory positions and were in a position "to correct this wrongful action"
27 having notice of his medical claim from the inmate grievance he submitted. (ECF No. 1 at 6.)
28 /////

4

There are no further allegations in plaintiff's complaint as to the involvement of defendants Cate and Zamora in any violation of his constitutional rights.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff has not alleged sufficient facts showing the personal involvement of defendants Cate and Zamora in any claimed constitutional violation. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("[T]here must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."); George v. Smith, 507 F.3d 605, 609 (7th Cir.2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Therefore, in any amended complaint he elects to file, plaintiff should not name defendants Cate and Zamora unless he can allege facts demonstrating their personal involvement in the decisions concerning the medication and other medical treatment he received which he claims was constitutionally deficient.

**V. Amended Complaint**

If plaintiff chooses to file an amended complaint he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

1  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.
2  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
3  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights
4  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5  Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
6  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
7  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
8  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
9  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
10 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
11 and the involvement of each named defendant must be sufficiently alleged.

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 8, 2013 request for leave to proceed in forma pauperis (ECF No. 5) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint filed October 11, 2013, is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" plaintiff must answer each question in the form complaint; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice; and

/////

6

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated: April 14, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
edwa2113.14