UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. EDWARDS, | No. 2:13-cv-02113 KJN P (TEMP) |
| Plaintiff, | |
| v. | ORDER AND |
| HSIEH, et al, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on a first amended complaint asserting an Eighth Amendment medical indifference claim against defendants Dr. Hsieh, Dr. Kuersten, Dr. McCue, and Zamora. (ECF No. 10.) Drs. Hsieh, Kuersten, and McCue (collectively, "the medical doctor defendants") filed an answer (ECF No. 18), and defendant Zamora filed a motion to dismiss (ECF No. 19). Defendant Zamora's motion to dismiss is fully briefed and ready for disposition.

I. Legal Standards for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, the court must accept as true the allegations of the

1  complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),
2  construe the pleading in the light most favorable to the party opposing the motion, and resolve all
3  doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.
4  869 (1969).  The court may consider facts established by exhibits attached to the complaint.
5  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider
6  facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385,
7  1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers
8  filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).
9  II.  Plaintiff's Allegations
10       Plaintiff suffers from severe allergy problems consisting of, inter alia, skin rashes, eye
11 swelling, redness and irritation.  As to the medical doctor defendants, plaintiff accuses them of
12 failing to adequately treat his condition by refusing to renew an existing prescription of Benadryl.
13 As to defendant Zamora, Chief of Healthcare Appeals, plaintiff claims that despite being aware of
14 the medical doctor defendants' allegedly unconstitutional conduct and despite the authority to
15 intervene, she denied plaintiff's inmate grievance at the Third Level of Review.  See First Am.
16 Compl. ("FAC") Ex. 11.  Additionally, plaintiff wrote a letter dated June 21, 2012, to Zamora
17 informing her that he was "being denied proper medical treatment," id. Ex. 12, but Zamora did
18 not respond to this letter.  FAC at 3.
19 III.  Discussion
20       Defendant Zamora argues that plaintiff fails to state a cognizable claim against her
21 because she is not a medically-trained reviewer who had the authority and opportunity to correct
22 the alleged violations.  Plaintiff counters that Zamora was both aware of the medical doctor
23 defendants' refusal to prescribe Benadryl and had the authority to intervene on plaintiff's behalf,
24 but she did not do so.
25       Where a prisoner's Eighth Amendment claims arise in the context of medical care, the
26 prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate
27 indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth
28 Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and

the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

The court is not persuaded by defendant's argument that plaintiff has failed to state a cognizable claim against her based on her lack of medical training. While defendant is correct that inmates have no separate constitutional right to a prison grievance or appeal system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), plaintiff has not merely complained that the defendant reviewed or denied his inmate appeal. Rather, plaintiff has alleged that he put this defendant on notice through the inmate appeals process that he had ongoing serious medical conditions and was not receiving proper care. Specifically, plaintiff alleges that he notified defendant Zamora "through the administrative process of his ongoing suffering due to the refusal of the other named defendants to provide medical treatment for his severe allergy symptoms," she was "able to correct this ongoing Eighth Amendment violation," but she "refused to respond or correct the actions of [the medical doctor defendants]." FAC at 1. These allegations are sufficient to state a claim against this defendant because plaintiff alleges that the defendant's response to his inmate appeal amounted to a refusal to provide him with adequate medical care in keeping with Eighth Amendment standards. The court finds that these allegations are sufficient to survive defendant's motion to dismiss. See Brammer v. Yates, 2011 WL 5873393, at *5 (E.D. Cal. Nov. 22, 2011) ("[A] plaintiff may

establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need."); Uriarte v. Schwarzenegger, 2011 WL 4945232, at *6 (S.D. Cal. Oct. 18, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and that their denial therefore constituted deliberate indifference."); Kunkel v. Dill, 2010 WL 3718942, at *1 (E.D. Cal. Sept. 15, 2010) ("Plaintiff, here, has alleged sufficient facts that plausibly support the conclusion that Defendant Pfeiffer, despite having no medical training, was aware that the denial of Plaintiff's administrative appeal requesting medical treatment exposed Plaintiff to an excessive risk of harm."); Herrera v. Hall, 2010 WL 2791586, at *4 (E.D. Cal. July 14, 2010) ("[I]f there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it.").

Of course, on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir.2003).  In fact, "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id.  Here, the court finds that plaintiff's complaint alleges sufficient facts to plausibly suggest that he is entitled to relief under the Eighth Amendment.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe pro se filings liberally when evaluating them under Iqbal."); al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009) ("'Asking for plausible grounds to infer' the existence of a claim for relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to prove that claim."), rev'd on other grounds by Ashcroft v. al-Kidd, 131 S.

Ct. 2074 (2011); <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendant Zamora's motion to dismiss (ECF No. 19) be denied;
2. Defendant Zamora be required to file an Answer within fourteen days from the date of adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Any response to the objections shall be filed and served within 14 days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 21, 2016

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

edwa2113.mtd